UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================

ISRAEL STERN individually and
on behalf of all others similarly situated

                        Plaintiff,

    -against-

CENTRAL CREDIT SERVICES LLC

                        Defendant.

=====================================

## CLASS ACTION COMPLAINT

### *I.    Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Amended Complaint alleges as follows:

1.    Plaintiff Israel Stern brings this action to secure redress from unlawful collection practices engaged in by Defendant Central Credit Services LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.  Parties

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Ramsey, New Jersey.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.  Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.  Allegations

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about May 21, 2017, Central Credit Services LLC sent a collection letter to the Plaintiff Israel Stern. (see attached exhibit)

12. The said letter was an effort to collect on a consumer debt.

13. Defendant's said letter was deceptive and misleading as it simply identified the "CURRENT BALANCE," but did not indicate that the balance may increase due to interest and fees.

14. The Plaintiff was left unsure whether the "CURRENT BALANCE" was accruing interest as there was no disclosure that indicated otherwise.

15. A reasonable consumer could read the notice and be misled into believing that he could pay his debt in full by paying the amount listed on the notice.

16. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "CURRENT BALANCE" stated on the notice will not know whether the debt has been paid in full.

17. The balance stated in the said May 21, 2017 letter was $1,223.10, and in addition to that balance, interest was accruing daily as apparent from a subsequent letter from Nationwide Credit Inc. dated August 24, 2017, which reflected an increase in the balance to an amount of $1,413.08. See attached exhibit

18. The Second Circuit in <u>Taylor</u> specifically stated that this scenario would bring this case squarely within the ambit of <u>Avila</u>. <u>Taylor v. Fin. Recovery Servs.</u>, 886 F.3d 212, 215 (2d Cir. 2018) ("[Plaintiffs] argue that [the bank] continued to accrue interest on their debts even after those debts were placed with [collection agency]. If true, that would bring this case squarely within the ambit of Avila. ")

19. The creditor continued to accrue interest while the debt was with the Defendant.

20. The creditor continued to accrue interest even after this debt was placed

with Defendant.

21. The debt continued to accrue interest while the debt was with the defendant.

22. The new debt collector did in fact seek the interest and fees that accumulated after the notice was sent but before the balance was paid.

23. The balance stated in the said May 21, 2017 letter was $1,223.10, and in addition to that balance, interest was accruing daily as apparent from a subsequent letter from Nationwide Credit Inc. dated August 24, 2017, which reflected an increase in the balance to an amount of $1,413.08. See attached exhibit

24. The consumer's debt was eventually placed with another third party, which itself could sought the accruing interest and fees from the consumer.

25. The statement of a "CURRENT BALANCE", without notice that the amount is already increasing due to accruing interest or other charges, misleads the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

26. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

27. Collection notices that state only the "CURRENT BALANCE," but do not disclose that the balance might increase due to interest and fees, are "misleading"

within the meaning of Section 1692e.

28. The Plaintiff and an unsophisticated consumer would be led to believe that the "CURRENT BALANCE" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

29. Yet in reality, interest was accruing on a daily basis and the Defendant as well as other third parties have tried to collect this interest from the Plaintiff.

30. A consumer who pays the "CURRENT BALANCE" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Creditor, Defendant or a third party could still collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

31. Had plaintiff paid the "CURRENT BALANCE" stated on the collection letter he would not have paid the debt in full as can be seen by the third party collection agency which itself could sought the additional accruing interest and fees from the consumer.

32. The Plaintiff alleges and avers that the Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

33. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

34. 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. The said letter is a standardized form letter.

36. On information and belief, the Defendant's collection letters, such as the said May 21, 2017 collection letter, number in the hundreds.

37. The Plaintiff alleges and avers that Defendant's May 21, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

38. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

39. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

40. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

41. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

42. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

43. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

45. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

46. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V.   Class Allegations

47. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48. The identities of all class members are readily ascertainable from the records of Central Credit Services LLC and those business and governmental entities on whose behalf it attempts to collect debts.

49. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Central Credit Services

LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

50. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

51. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

52. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

53. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal

issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

54. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

55. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

56. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

57. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### *VI.  Cause of Action*

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

    a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the

within complaint up to and including the date of the filing of this complaint;

b) the collection letter was sent to a consumer seeking payment of a personal debt;

c) the collection letter was not returned by the postal service as undelivered;

d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### *VII.   Violations of the Fair Debt Collection Practices Act*

60. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

61. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

62. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII.   Jury Demand*

63. Plaintiff demands a trial by jury.

### *IX.   Prayer for Relief*

64. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
  June 14, 2018

_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

**Central Credit Services LLC**

PO BOX 358
RAMSEY NJ 07446-0358
CHANGE SERVICE REQUESTED

500 North Franklin Turnpike, Ste 200, Ramsey, NJ 07446
800-336-3940

OFFICE HOURS (EST):
8AM-9PM MONDAY - THURSDAY
8AM-5PM FRIDAY & 8AM-12PM SATURDAY

May 21, 2017

Central Credit # Redacted 16

CREDITOR: AMERICAN EXPRESS (US)
CREDITOR'S ACCOUNT #: XXXXXXXXXX51002
CURRENT BALANCE: $1,223.10

Israel Stern
Redacted

Please be advised that we have been requested by AMERICAN EXPRESS (US) to assist them in the collection of the amount set forth above.

You may contact us at 800-336-3940 if you have any questions or if you would like to discuss this matter further.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

274GLVELD01RS001

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

Central Credit Services LLC
500 North Franklin Turnpike, Ste 200
Ramsey, NJ 07446

800-336-3940

OFFICE HOURS (EST):
8AM-9PM MONDAY - THURSDAY
8AM-5PM FRIDAY & 8AM-12PM SATURDAY

| Central Credit # | Current Balance Due |
|---|---|
| Redacted 16 | $1,223.10 |

ISRAEL STERN

Payment Amount   $ _____

☐ Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

CENTRAL CREDIT SERVICES LLC
PO BOX 357
RAMSEY NJ 07446-0364

840025155

**PERSONAL AND CONFIDENTIAL**
PO Box 10354
Des Moines, IA 50306-0354

00266

023/A01A/SS/126/08/24/2017/NY

68546-25A
Israel Stern
Redacted

ACCOUNT NUMBER: XXXXXXXXXX51002
NCI ID: Redacted 71
ACCOUNT BALANCE: $1,413.08
AMOUNT ENCLOSED:

24-hour account access: myaccount.ncirm.com
o Change of address: Print New Address on Back

**REMIT TO:**

NATIONWIDE CREDIT, INC.
PO Box 14581
Des Moines IA 50306-3581

Redacted 71 9

*** Please see the reverse side of this letter for important notices concerning your rights ***
Please Detach and Return this Stub in the Enclosed Envelope with your Check or Money Order - Make Sure the "Remit to" Address appears in the Window

---



## Nationwide Credit, Inc.
PO Box 14581
Des Moines, IA 50306-3581
Monday - Friday 8 AM to 6 PM ET 1-877-779-3472
myaccount.ncirm.com

NCI ID: Redacted 71
Current Creditor: AMERICAN EXPRESS
Account Number: XXXXXXXXXX51002
Account Balance: $1,413.08
Date: 08/24/2017

---

myaccount.ncirm.com

➢ 24-hour Access

➢ Make, or
   Reschedule
   a Payment

➢ Change your
   Contact
   Information

➢ And More...

We Want to Help You - Your Way!

Your outstanding balance with the above referenced creditor is past due and has been referred to Nationwide Credit, Inc. for collection. The Account Balance as of the date of this letter is shown above.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This demand for payment does not eliminate your right to dispute this debt or inquire for more information about this debt, as described in the previous paragraphs.

The following options are available to help you resolve this account:

| Secure Online Portal: myaccount.ncirm.com is available 24 hours a day to schedule payments, negotiate alternatives, manage your account and more!<br><br>Login using your NCI ID Redacted and Password: Redacted | Pay by Mail: Send your check or money order to<br>NATIONWIDE CREDIT, INC.<br>PO Box 14581, Des Moines, IA 50306-3581<br>Reference your NCI ID on your check or money order |
|---|---|

The State of New York Department of Financial Services requires that NCI provide you the following information regarding your debt:
Original Creditor: AMERICAN EXPRESS
Total due as of charge-off: $1,413.08
Total interest accrued since charge-off: $0.00
Total non-interest charges or fees accrued since charge-off: $0.00
Total payments made since charge-off: $0.00

The Account Balance above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from American Express and as such is subject to timing and system limitations.

Sincerely,

MAURICE RICO
Nationwide Credit, Inc.

This communication is an attempt to collect a debt by a debt collector or consumer collection agency and any information obtained will be used for that purpose.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(1) the use or threat of violence;
(2) the use of obscene or profane language; and
(3) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last 60 days.

A01A
092815